UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEMMER MARCUS MONTGOMERY,

        Petitioner,        Case Number: 2:17-13957
                                       HON. GEORGE CARAM STEEH

  v.

SHIRLEE HARRY,

        Respondent.
_____/

## ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT TO THE SIXTH CIRCUIT COURT OF APPEALS

Petitioner Clemmer Marcus Montgomery filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1993 first-degree murder conviction, Mich. Comp. Laws § 750.316, for which he is serving a life sentence. On January 4, 2018, the Court transferred the case to the United States Court of Appeals for the Sixth Circuit because it was an unauthorized second or successive habeas petition. (ECF No. 5.) The Court of Appeals denied Petitioner authorization to file a second or successive habeas petition. *In re: Clemmer Marcus Montgomery*, No. 18-1028 (6th Cir. May 1, 2018). Now before the Court is Petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure

-1-

60(b)(6). (ECF No. 7.)

Before adjudicating Petitioner's Rule 60(d) motion, the Court must first determine whether it has jurisdiction to consider the motion. A habeas petitioner may not file a second or successive habeas petition in a federal district court, in the absence of an order from the appropriate court of appeals authorizing the district court to consider the successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Unless a petitioner receives prior authorization from the Sixth Circuit Court of Appeals, a district court must transfer a second or successive petition or motion to the Sixth Circuit Court of Appeals regardless of how meritorious the district court believes the claim to be. *See In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion must be treated as a second or successive petition when it attacks the state court's judgment of conviction or brings a new claim, such as a new ground for relief or an attack on the federal court's previous resolution of the claim on the merits. *Id.* at 532. Rule 60(b) motions may not be used to circumvent the restrictions applicable to "second or successive" habeas corpus petitions. *Id.* at 538. Upon the filing of a Rule 60(b) motion, the Court "must determine whether it really is such

a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 321 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 530-31).

Petitioner's motion challenges his first-degree murder conviction. He asserts substantive claims attacking his conviction. The motion, therefore, is a second or successive habeas corpus petition. Petitioner is required to obtain authorization from the Sixth Circuit Court of Appeals before he can file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). He has not done so.

Accordingly, IT IS ORDERED the Clerk of the Court shall TRANSFER the Motion for Relief from Judgment (ECF # 7) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005).

Dated: February 6, 2020

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 6, 2020, by electronic and/or ordinary mail and also on Clemmer Marcus Montgomery #196574, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Brianna Sauve
Deputy Clerk